**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| NANCY THOMPSON and WEIBIN LAM,<br><br>             Plaintiffs,<br><br>     v.<br><br>GENERAL MOTORS LLC and MICHAEL HUNTER,<br><br>            Defendants. | Civil Action No.:  4:21-cv-00183<br><br>(Removed from the Circuit Court of St. Louis City, Missouri, Cause No.: 1922-CC10777001) |

**DEFENDANT GENERAL MOTORS LLC'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant General Motors LLC ("GM LLC") hereby removes the above-captioned case to the United States District Court for the Eastern District of Missouri, Eastern Division.  The grounds for removal are as follows:

**BACKGROUND**

**A.     Prior Proceedings in this Court**

1.     Plaintiffs Nancy Thompson and Weibin Lam ("Plaintiffs") commenced this litigation against Defendants GM LLC, Joe-K Used Cars, LLC ("Joe-K Used Cars"), and Michael Hunter ("Hunter") in the Circuit Court of the City of St. Louis, Missouri, Cause No. 1922-CC10777.  (Ex. A – Summons and First Am. Pet.)

2.     On August 27, 2019, GM LLC timely and properly removed the case to this Court on the basis that Plaintiffs had fraudulently joined Joe-K Used Cars and Hunter, as such, complete diversity existed between Plaintiffs and GM LLC.  (Case No.: 4:19-cv-02422, Doc. 1 – Notice of Removal.)

3. On August 29, 2019, Plaintiff Weibin Lam filed a Motion to Amend Complaint, requesting leave to amend his Complaint to bring a claim against his co-Plaintiff's decedent, (the Estate of) Nikita Thompson, who is a Missouri citizen. (Doc. 11 – Plaintiff Weibin Lam's Motion to Amend Complaint and Memorandum in Support.)  Both GM LLC and Joe-K Used Cars opposed that Motion. (Docs. 13, 14.)

4. On December 30, 2019, this Court issued its Memorandum and Order granting Plaintiff Weibin Lam's Motion to Amend, and remanding the case to the Circuit Court for the City of St. Louis, Missouri. (Doc. 20.)

5. In its Order granting the Motion to Amend, the Court assumed for the purposes of the Motion to Amend only, and without deciding, that Joe-K Used Cars and Hunter were fraudulently joined:

> GM's Notice of Removal alleges defendants Hunter, a Missouri citizen, and Joe-K Used Cars, a Missouri company, were fraudulently joined by plaintiffs in order to prevent removal of this action to federal court. Because the plaintiffs are also Missouri citizens, unless those defendants were fraudulently joined, complete diversity would not exist and this Court would not have subject matter jurisdiction. Plaintiffs have not addressed GM's allegations of fraudulent joinder and have not separately moved to remand the action to state court. However, for purposes of this motion only, I will assume without deciding that Hunter and Joe-K Used Cars were fraudulently joined because the case would be remanded even if those defendants were fraudulently joined and this Court otherwise had subject-matter jurisdiction.

(*Id*. at n. 1.)

**B.    Subsequent State Court Proceedings**

6. Following this Court's December 30, 2019 order granting the Motion to Amend and remanding the case, Plaintiffs filed their Third Amended Petition on January 6, 2020 in the Circuit Court for the Twenty-Second Circuit, St. Louis City, Missouri. (Ex. B – Third Am. Pet.) Plaintiffs' Third Amended Petition included Plaintiff Weibin Lam's claim against his co-Plaintiff's decedent, Nikita Thompson. (*Id*.)

7. On January 7, 2020, Joe-K Used Cars filed its Renewed Motion to Dismiss, setting the hearing date for that Motion for February 19, 2020. (Ex. C – Joe-K Used Cars Renewed Motion to Dismiss.) Plaintiffs did not oppose that Motion, and instead dismissed Joe-K Used Cars the day prior to the hearing. (Ex. D – Plaintiffs' Dismissal of Defendant Joe-K Used Cars.)

8. Upon information and belief, Defendant Hunter has not been served with Plaintiffs' Third Amended Petition. Regardless, Hunter has not answered or otherwise appeared in the case, nor have Plaintiffs taken any steps at all to prosecute their purported claim against him. And as further set out below, both Hunter and Joe-K Used Cars were fraudulently joined by Plaintiffs in an attempt to destroy diversity.

**C.  Judgment and Order Concluding Plaintiff Weibin Lam's Claim Against the Estate of Nikita Thompson**

9. On October 26, 2020, Plaintiff Weibin Lam filed a Petition for Approval of Wrongful Death Settlement and Distribution of Wrongful Death Settlement. (Ex. E – Pet. for Approval of Wrongful Death Settlement.) In support of that Petition, two affidavits were submitted – one from Plaintiff Weibin Lam, the decedent's husband, and the other from Chokchai Siripaph, the decedent's father, requesting approval of the settlement. (Ex. F – Affidavits of W. Lam and C. Siripaph.) As support for their Petition approving the settlement, Plaintiff Lam and Chokchai Siripaph both affirmed that they "agree with this settlement and believe it to be in my best interest and the best interest of all Petitioners" and that they "forever waive any right to a jury trial against SAFECO or Nikita Thompson." (*Id.*)

10. On January 19, 2021, the Honorable Craig K. Higgins, Circuit Judge for the Twenty Eighth Circuit Court (St. Louis City) entered a Judgment and Order Approving

3

Wrongful Death Settlement Pursuant to § 537.095 RSMO. (Ex. G – Judgment and Order Approving Wrongful Death Settlement.)

### SHORT AND PLAIN STATEMENT OF GROUNDS FOR REMOVAL

#### A. This Court Has Removal Jurisdiction

11. Federal law permits defendants sued in state court to remove a "civil action … of which the district courts of the United States have original jurisdiction … to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

12. Because St. Louis, Missouri is within this Court's judicial district, this Court "embrac[es] the place where [this] action is pending" and has removal jurisdiction under 28 U.S.C. § 1441(a). Venue is also proper in this Court pursuant to 28 U.S.C. §§ 105(a)(1) and 1441(a), because the United States District Court for the Eastern District of Missouri, Eastern Division is the federal judicial district and division that covers the Circuit Court of the City of St. Louis, Missouri, where this action was originally filed.

#### B. There is Complete Diversity Under 28 U.S.C. § 1332

13. Federal law also defines this Court's "original jurisdiction" to include actions where (1) there is complete diversity between plaintiffs and defendants; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

14. At all times, Plaintiffs and their decedents were residents of St. Louis or St. Louis County, Missouri. (Ex. B at ¶¶ 3, 4.) Accordingly, Plaintiffs are citizens of Missouri.

15. GM LLC was at the time of filing of the lawsuit and still is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Michigan. Accordingly, for purposes of the Court's diversity jurisdiction, GM

4

LLC's citizenship is that of each of its members. *See Hukic v. Aurora Loan Services,* 588 F.3d 420, 427 (7th Cir. 2009). The only member of General Motors LLC is General Motors Holdings LLC. General Motors Holdings LLC, also a Delaware limited liability company with its principal place of business in Michigan, owns 100% of General Motors LLC. The only member of General Motors Holdings LLC is General Motors Company. General Motors Company, a Delaware corporation with its principal place of business in Michigan, owns 100% of General Motors Holdings LLC. Therefore, complete diversity exists between Plaintiffs and GM LLC.

16. Upon information and belief, Defendant Hunter and (dismissed) Defendant Joe-K Used Cars are Missouri citizens. (Ex. B at ¶¶ 5, 6.) However, and as further set out below, because these defendants were fraudulently joined and are not necessary and indispensable parties, their citizenship is disregarded in evaluating federal diversity jurisdiction. *See Douglas v. Imerys Talc Am., Inc.*, 2019 U.S. Dist. LEXIS 24729, *6 (E.D. Mo. 2019); *see also Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 871 (8th Cir. 2002) ("Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants.")

17. The citizenship of the Estate of Nikita Thompson is also not considered because the settlement and subsequent Judgment and Order Approving Wrongful Death Settlement between Plaintiff Weibin Lam and the Estate of Nikita Thompson is "final enough to support removal." *Chohlis v. Cessna Aircraft Co.*, 760 F. 2d 901 (1985); *see also Allmond v. Dorel Juvenile Grp., Inc.*, 2019 U.S. Dist. LEXIS 164823, *6 (W.D. Mo. 2019) (holding that "[n]umerous cases have held a settlement with a party is a voluntary act of the plaintiff and supports proper removal."); *Midwestern Indem. Co. v. Brooks*, 779 F.3d 540, 544 (8th Cir. 2015); *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460-61 (1980).

### C. Defendants Michael Hunter and Joe-K Used Cars Were Fraudulently Joined

18. In their Petition, Plaintiffs assert automotive product liability claims against GM LLC arising from a December 18, 2018 crash that occurred on 39th Street in St. Louis, Missouri. (Ex. B at ¶ 52.) Plaintiffs allege that their decedents were traveling in a 2008 Chevrolet Corvette when it was struck by a 2003 Mercury Mountaineer that had run a red light. (*Id.*) The driver of the Mountaineer is an unknown third-party, who had stolen the vehicle. (*Id.* at ¶ 51.)

19. Plaintiffs alleged that Joe-K Used Cars negligently sold and/or entrusted the Mountaineer to Hunter. (*Id.* at Count I, II). However, shortly after Joe-K Used Cars filed its Motion to Dismiss, Plaintiffs dismissed their claims against it. (Ex. C, D.)

20. Plaintiffs allege that Hunter was negligent for, *inter alia,* failing to lock the Mountaineer and leaving his keys in it. (Ex. B at ¶¶ 75-82.) Plaintiffs have not served Hunter with their Third Amended Petition.

21. Plaintiffs joinder of Joe-K Used Cars and Hunter was and is fraudulent because there exists no reasonable basis in fact and law to support the claims against these two Defendants. Joinder is fraudulent "when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro Prods. Liab. Litig.,* 591 F.3d 613, 620 (8th Cir. 2010). When determining if a party has been fraudulently joined, a court "considers whether there is any reasonable basis in fact or law to support a claim against a nondiverse defendant." *Id.* And if "applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Filla v. Norfolk & Southern Ry.,* 336 F.3d 806, 810 (8th Cir. 2003).

22. Under Missouri law, "in any action for negligence, the plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that

6

duty, and the defendant's failure proximately caused injury to the plaintiff." *Lopez v. Three Rivers Electric Cooperative, Inc.,* 26 S.W.3d 151, 155 (Mo. banc 2000). "Whether a duty exists is purely a question of law." *Id.* "The touchstone for the creation of a duty is foreseeability." *Madden v. C & K Barbecue Carryout, Inc.,* 758 S.W.2d 59 (Mo. 1998). "A duty of care arises out of circumstances in which there is a foreseeable likelihood that particular acts or omissions will cause harm or injury." *Id.* "Where the existence of a duty is established, however, it is not one to protect against every possible injury which might occur." *Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc.,* 700 S.W.2d 426, 431 (Mo. banc 1985) (citations omitted). "Rather, it is generally measured by whether or not a reasonably prudent person would have anticipated danger and provided against it." *Id.*

23. Under applicable Missouri law, Plaintiffs have not, nor have they ever, set forth colorable claims against Joe-K Used Cars and Hunter because any determination that either owed a duty to Plaintiffs' decedents would be completely incompatible with Missouri law. Not only were these Defendants not a party to the underlying crash, but a determination that an automotive dealership owes a duty to screen its customers and assess whether they can be "entrusted" with a vehicle is untenable. *See Beasley v. Best Car Buys, Ltd.,* 363 P.3d 777 (Colo. App. Ct. 2015) (holding that an automotive vendor who sold a vehicle to a customer that struck a motorcycle days later owed no duty to the injured motorcyclist for failing to investigate their driving history and absence of license).

24. Further, as to Hunter, the Mountaineer was stolen and operated by an unknown thief. (*See* Ex. B at ¶ 51.) "A duty to protect against the criminal acts of third parties is generally not recognized because such activities are rarely foreseeable." *L.A.C. v. Ward Parkway Shopping Ctr. Co., L.P.,* 75 S.W.3d 247, 257 (Mo. 2002). Moreover, "[t]he

overwhelming weight of authority holds that the owner of an automobile who parks the car in a public area with the keys in the ignition is not liable to a motorist or a pedestrian injured by the negligent driving of a thief who has an accident after stealing the car." *Finicchio v. Mahler,* 37 S.W.3d 300, 303 (Mo. Ct. App. 2000).  In short, there is no "reasonable basis for predicting that [Missouri] law might impose liability based upon the facts involved." *Filla,* 336 F.3d at 811; *see also Menz v. New Holland N.Am., Inc.* 440 F.3d 1002 (8th Cir. 2006) (affirming district court's denial of motion to remand and finding of fraudulent joinder because the plaintiff's product liability claims against a defendant who serviced the allegedly defective tractor were "[not] colorable under Missouri law" because defendant did not owe plaintiffs a duty).

25. Additionally, Plaintiffs' claims against Joe-K Used Cars and Hunter do not present colorable claims under Missouri law because Plaintiffs cannot possibly meet the threshold for causation.  "Proximate cause is a question of law for the trial court."  *Payne v. City of St. Joseph,* 135 S.W.3d 444, *451 (Mo. Ct. App. 2004).  Because Plaintiffs' decedents' injuries were the result of a series of intervening events over which neither Joe-K Used Cars nor Hunter had control, there can be no finding of proximate causation.  *See Buck v. Union Elec. Co.,* 887 S.W.2d 430, 434 (Mo. Ct. App. 1994) (intervening cause is a new and independent force which so interrupts the chain of events that it becomes the responsible, direct, proximate and immediate cause of the injury).

    **D.**    **The Amount in Controversy is Satisfied**

26. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.  As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible

8

allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); see also 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). While GM LLC denies that Plaintiffs are entitled to any monetary or other relief, it is plain from the allegations and relief sought by Plaintiffs in the Third Amended Petition that "the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. For example, Plaintiffs allege in the Petition that "as a direct and proximate result of GM's conduct, Nikita Thompson and Chananya Siripaph sustained significant injuries that resulted in their deaths … [they] sustained substantial pain and suffering from their injuries, until their deaths." (Ex. B at ¶ 121.) Plaintiffs further allege that they have "incurred the loss of their son and wife and their consortium, services, companionship, comfort, instruction, guidance, counsel, training and support arising from their deaths." (*Id*.) Plaintiffs' allegations, including but not limited to the foregoing, make clear that the amount in controversy exceeds $75,000, exclusive or interest and costs. Therefore, the jurisdictional amount-in-controversy requirement under § 1332(a) is satisfied.

### E. The Notice of Removal is Timely

27. GM LLC timely filed its initial Notice of Removal pursuant to 28 U.S.C. § 1446(b). (Case No.: 4:19-cv-02422, Doc. 1 – Notice of Removal.)

28. At the time GM LLC filed its initial Notice of Removal, the case was removable because complete diversity existed between Plaintiffs and GM LLC, the amount in controversy exceeded $75,000 exclusive of interest and costs, and Defendants Joe-K Used Cars and Hunter were fraudulently joined. Therefore, the one-year limitation on removal, set forth in 28 U.S.C. § 1446(b), is inapplicable because the one-year time limit only applies when the case stated by the initial pleading is not removable. 28 U.S.C. § 1446(b); *Brown v. Tokio Marine Fire Ins. Co.*,

9

284 F.3d 871 (8th Cir. 2002). Further, even if the one-year time limit set forth in 28 U.S.C. § 1446(b) is applicable, which GM LLC respectfully submits is not, "[s]trategic conduct intended to deny the defendant the opportunity to remove the case to federal court demonstrates bad faith." *Sloss v. Tyson Fresh Meats*, 2018 U.S. Dist. LEXIS 229567, *9 (S.D. Iowa 2018); *Bristol v. Ford Motor Co.*, 2016 U.S. Dist. LEXIS 148867, *12 (E.D. Mo. 2016) (considering whether the plaintiff "did not actively litigate her claims against" the non-diverse defendant in deciding bad faith). Here, Plaintiffs have not actively litigated their claims against the Defendants that were fraudulently joined. "Actively litigating" may be described as "asserting valid claims, taking discovery, negotiating settlement, seeking default judgments if the defendant does not answer the complaint, et cetera." *Id.* at *11. As such, Plaintiffs are estopped from asserting an one-year limitation argument.

29.     On January 19, 2021, the Honorable Craig K. Higgins, Circuit Judge for the Twenty Second Circuit Court (St. Louis City), entered a Judgment and Order Approving Wrongful Death Settlement Pursuant to § 537.095 RSMO. This Notice of Removal, therefore, has been timely filed. *See* 28 U.S.C. 1446(b); *Williams v. Ford Motor Co.*, 2012 U.S. Dist. LEXIS 160202, *5 (E.D. Mo. 2012); *Wright-Basch v. Wyeth*, 2012 U.S. Dist. LEXIS 97459 (E.D. Mo, 2012) (one-year time limit does not run from any later amendment or other pleading).

**F.     The Notice of Removal is Proper**

30.     In accordance with 28 U.S.C. § 1446(a), attached to this Notice of Removal is a copy of all process, pleadings, and orders served upon GM LLC in this litigation.[1]

---

[1] In addition to the pleadings and orders attached as Exs. A – G, also attached are: Ex. H – GM LLC's Answer, Aff. Defenses, and Reliance on Jury Demand; Ex. I – Nikita Thompson's Ans. to Third Am. Compl.; and Ex. J – Agreed Protective Order.

10

31. Because Defendant Hunter was fraudulently joined, and Joe-K Used Cars was dismissed (as well as being fraudulently joined), their consent to removal is not required. *See Couzens v. Donohue*, 854 F.3d 508, 513 (8th Cir. 2017)  Nor is the consent of The Estate of Nikita Thompson required. *See Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002); *Bristol*, 2016 U.S. Dist. LEXIS 148867, *8; *Chohlis*, 760 F.2d at 903 n. 2; *Midwestern*, 779 F.3d at 543-44 (removal was proper where the plaintiffs settled with the driver's estate because the estate was no longer a real party in interest for purposes of defeating diversity jurisdiction or consenting to removal).

32. Pursuant to 28 U.S.C. § 1446(d), the undersigned certifies that immediately after the filing of this Notice of Removal in this Court, a Notice of Notice of Removal will be filed in the Circuit Court of the City of St. Louis, Missouri and will be served on all parties.

33. If any question arises as to the propriety of the removal of this action, GM LLC requests the opportunity to present a brief and requests oral argument in support of removal.

## CONCLUSION

In conclusion, because (1) there is complete diversity between Plaintiffs and GM LLC; (2) Defendants Joe-K Used Cars and Hunter were fraudulently joined; (3) Plaintiff Weibin Lam voluntarily and conclusively resolved his claim against the Estate of Nikita Thompson and a Judgment and Order Approving Wrongful Death Settlement Pursuant to § 537.095 RSMO was entered; (4) the amount in controversy exceeds $75,000 exclusive of interest and costs; and (5) this Notice of Removal is otherwise proper and timely, diversity jurisdiction exists under 28 U.S.C. § 1332, and this case falls within this Court's jurisdiction under 28 U.S.C. § 1441(a).

WHEREFORE, Defendant GM LLC gives notice that the above- captioned litigation has been removed from the Circuit Court of the City of St. Louis, Missouri to the United States District Court for the Eastern District of Missouri, Eastern Division.

Date:   February 12, 2021

Respectfully submitted by:

BRYAN CAVE LEIGHTON PAISNER LLP

By: /s/ *Stephen G. Strauss*
Stephen G. Strauss, MO #: 45018
Timothy J. Hasken, MO #: 62929
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
T: (314) 259-2000
F: (314) 259-2020
sgstrauss@bclplaw.com
tim.hasken@bclplaw.com

*Attorneys for General Motors LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, my office served copies of the foregoing Notice of Removal and all Exhibits thereto upon the following by first class United States mail, postage prepaid:

**O'LEARY, SHELTON, CORRIGAN, PETERSON, DALTON 7 QUILLIN, LLC**
James D. O'Leary, #45964
The University Tower
1034 South Brentwood, Blvd.
Penthouse 1-A, 23rd Floor
St. Louis, MO 63117
T: (314)405-9000
F: (314)405-9999
Oleary@osclaw.com

**WOLFF ARDIS, P.C.**
Patrick M. Ardis, #53961
5810 Shelby Oaks Drive
Memphis, TN 38134
T: (901)763-3336
F: (901)763-3376
pardis@wolffardis.com

*Counsel for Plaintiff Nancy Thompson*

**MICHAEL HUNTER**
4977 Fountain Ave., 1st Floor
St. Louis, MO  63113

**THE SIMON LAW FIRM, P.C.**
John G. Simon, Esq.
Kevin M. Carnie Jr., Esq.
800 Market Street, Suite 1700
St. Louis, MO 63101
jsimon@simonlawpc.com
kcarnie@simonlawpc.com

*Attorneys for Plaintiff Weibin Lam*

**LAW OFFICES OF ROUSE AND CARY**
Robert D. Rowland
10733 Sunset Office Drive, Suite 400
St. Louis, Missouri 63127
T: (314) 965-5440
Robert.Rowland@libertymutual.com

*Counsel for Estate of Nikita Thompson*