# EXHIBIT A

 **SPECIAL PROCESS SERVER**

## IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC10777 | Special Process Server 1<br>J HOUSEMAN |
|---|---|---|
| Plaintiff's/Petitioner:<br>NANCY THOMPSON | Plaintiff's/Petitioner's Attorney/Address<br>JAMES D. O'LEARY<br>1034 SOUTH BRENTWOOD BLVD<br>PENTHOUSE 1A<br>23RD FLOOR | Special Process Server 2 |
| vs. | ST LOUIS, MO 63117 | Special Process Server 3 |
| Defendant/Respondent:<br>JOE-K USED CARS, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD | |
| Nature of Suit:<br>CC Wrongful Death | SAINT LOUIS, MO 63101 | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: **GENERAL MOTORS LLC** | |
|---|---|
| **Alias:**<br>CSC OF ST LOUIS COUNTY INC<br>130 SOUTH BEMISTON AVE STE 700<br>CLAYTON, MO 63105 | |

**COURT SEAL OF**
**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**August 5, 2019**

_____ Date

*Thomas Kloeppinger*

_____ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



**SPECIAL PROCESS SERVER**

**IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>REX M BURLISON | Case Number: 1922-CC10777 | Special Process Server 1<br>J HOUSEMAN |
|---|---|---|
| Plaintiff/Petitioner:<br>NANCY THOMPSON | Plaintiff's/Petitioner's Attorney/Address<br>JAMES D. O'LEARY<br>1034 SOUTH BRENTWOOD BLVD<br>PENTHOUSE 1A<br>23RD FLOOR<br>vs.   ST LOUIS, MO 63117 | Special Process Server 2<br><br>Special Process Server 3 |
| Defendant/Respondent:<br>JOE-K USED CARS, LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Wrongful Death | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  GENERAL MOTORS LLC
                          Alias:
CSC OF ST LOUIS COUNTY INC
130 SOUTH BEMISTON AVE STE 700
CLAYTON, MO 63105

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**CITY OF ST LOUIS**

| **August 5, 2019** | _Thomas Kloeppinger_ |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).

☐ other: _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____         _____
                              Date                          Notary Public

| **Sheriff's Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

NANCY THOMPSON and WEIBIN LAM )
)
      Plaintiffs, )
)
)    Cause Number: 1922-CC10777
vs. )
)
JOE-K USED CARS, LLC, Michael Hunter, )    Division No.: 1
)
and )
)    **JURY TRIAL DEMANDED**
GENERAL MOTORS, LLC )
Serve:   CSC of St. Louis County, Inc. )
130 South Berniston Ave. )
Suite 700 )
Clayton, Missouri, 63105 )
)
      Defendants. )

## **FIRST AMENDED PETITION FOR WRONGFUL DEATH**

COME NOW Plaintiffs Nancy Thompson and Weibin Lam, by and through their attorneys, and for their First Amended Wrongful Death Petition against Defendants, each of them, state the following:

## **PARTIES**

1.    Plaintiff, Nancy Thompson, was the mother of Nikita Thompson, her son, (hereinafter, "Plaintiff Thompson's Decedent") and brings this Wrongful Death action pursuant to Mo. St. 537.080 *et. seq.*

2.    Plaintiff, Weibin Lam, was the husband of Chananya Siripaph, (hereinafter, "Plaintiff Lam's Decedent") and brings this Wrongful Death action pursuant to Mo. St. 537.080 *et. seq.*

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM



3.    At all times relevant herein, Plaintiff Thompson and Plaintiff Thompson Decedent's were residents of the City of St. Louis, State of Missouri.

4.    At all times relevant herein, Plaintiff Lam and Plaintiff Lam's Decedent were residents of the County of St. Louis, State of Missouri.

5.    At all times relevant herein, Defendant Joe-K Used Cars (hereinafter, "Joe-K"), is a Missouri Limited Liability Corporation, with its principal place of business located at 6741 Manchester Ave., St. Louis Missouri, 63139, located in the City of St. Louis and in the business of selling cars in the St. Louis area and has been previously served with process.

6.    At all times relevant herein, Defendant Michael Hunter (hereinafter, "Hunter") is an individual and resident of the City of St. Louis, State of Missouri, residing at 4977 Fountain Ave., 1st Floor, St. Louis, MO 63113 and has been previously served with process.

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

7.      Defendant General Motors, LLC (hereinafter, "GM") is authorized to do business in the state of Missouri and may be served with process by serving its registered agent for service of process, CSC of St. Louis County, Inc., 130 South Berniston Ave. Suite 700, Clayton, Missouri 63105.

## VENUE AND JURISDICTION

8.      Venue is proper in City of St. Louis pursuant to MO Rev. ST. 508.010(4) because the City of St. Louis is where Decedent was first injured by the negligent conduct of the named Defendants.

9.      Additionally, this Court has personal jurisdiction over GM.  GM purposefully availed itself of the privileges and benefits of conducting business in Missouri by introducing into the stream of Missouri commerce, vehicles which it marketed and sold, alone and in conjunction with authorize GM dealers.  GM knew at all relevant times that some of those vehicles would be sold, used and serviced in the State of Missouri.  Having marketed and sold literally hundreds of thousands, if not millions, of its vehicles in Missouri to Missouri consumers, GM cannot be heard to complain when called to respond to complaints of defects involving those same products.  GM has production facilities in Missouri, maintains business relationships with automobile dealers in Missouri, employs citizens of Missouri and owns real property in the state. GM's continuous and systemic contacts with the State of Missouri are sufficient to confer general jurisdiction such that the Court's exercise of personal jurisdiction over it is proper.  Moreover, GM is subject to personal jurisdiction by committing a tort, which is the subject of this suit as set forth below, in whole or in part in Missouri.

10.     GM warrants, distributes, markets, and/or sells vehicles including but not limited to the 2008 Chevrolet Corvette.

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

11.     GM has insured risks in Missouri.  GM has sued or has been sued in Missouri state courts on numerous occasions.  GM has been involved in litigation in Missouri on dozens if not hundreds of occasions where it has not contested personal jurisdiction and where it has consented to be sued.  Employees, officers and/or directors of GM have visited, conducted business, and/or worked in Missouri.  There has never been a time in the past 50 years where GM did not sell distribute, or market their vehicles in Missouri.

12.     A significant segment of GM's gross income for sales, service, and repair work is derived from the activities of their dealership network in Missouri.

13.     GM also monitors their vehicles, such as looking at customer complaints or feedback from distributors and dealers, including many in Missouri.

14.     GM keeps records of how many vehicles are shipped to each state and how much revenue is generated from each state including Missouri.

15.     GM maintains multiple offices in Missouri.

16.     GM has employees and agents in Missouri.

17.     GM keeps records of the revenue that it derives from Missouri.

18.     Numerous GM corporate representatives, agents and/or employees have visited Missouri for business purposes on occasion.

19.     GM has been a party to numerous cases where it has come into courts in Missouri to answer claims about the failure of GM products in Missouri.

20.     GM has been a party seeking relief or review in numerous cases where it has purposefully availed itself of the jurisdiction of the court of Missouri by serving as the petitioner, appellant in such actions.

21.     GM spends untold thousands of dollars per year marketing their products in

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

Missouri and/or to Missouri residents.

22.     GM designs, manufactures, tests, assembles, sells, distributes, and places GM products and their component parts into the stream of commerce, such as the Subject Vehicle involved in the incident made the basis of this lawsuit. Thousands upon thousands of the subject vehicle model have been provided by GM directly to GM dealerships in Missouri and GM consumers. The subject vehicle model has been marketed directly to Missouri consumers.

23.     Advertisement and marketing materials were and are targeted to Missouri residents to entice them to purchase GM products and services, including the subject model vehicle.

24.     GM has spent millions of dollars advertising and marketing their products in Missouri and directly to Missouri residents for years, whether in the form of television advertisements, magazine advertisements, newspaper advertisements, internet advertisements, or other forms of advertising and/or marketing.

25.     GM's website has numerous interactive features.   GM's webpage is www.gm.com. GM's website is accessible in Missouri where GM engages in the direct sale of GM products from this website. GM's copyrighted website home page has active features such as a link that Missouri consumers can click to directly purchase officially licensed GM merchandise. GM's web page also has a link which allows Missouri residents to find an authorized dealer nearby.

26.     GM has a regular plan for the distribution of its new and used products within Missouri with the goal of achieving commercial benefits from the sale of those products in Missouri.

27.     GM places its products into the stream of commerce by targeting Missouri

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

residents through dozens of approved GM dealerships in many cities and towns in Missouri.

28.     GM has contracts with its GM dealerships in Missouri where GM contractually promises to come into courts in Missouri to defend claims about the failure of GM products that injure Missouri residents.

29.     GM requires that is GM dealerships advertise within Missouri, and GM shares in the cost of these Missouri advertisements for GM products.

30.     GM jointly participates in the interactive websites of the GM dealerships located in Missouri.

31.     GM certifies mechanics who work at the GM dealerships in Missouri.

32.     GM provides certification training for mechanics who work at the GM dealerships in multiple locations in Missouri.

33.     GM oversees aspects of its product warranty process from within Missouri.

34.     GM sends technical service bulletins regarding work procedures related to the subject vehicle into Missouri.

35.     GM sends recall notices related to safety defects in the subject vehicle into Missouri.

36.     GM directs Missouri consumers to approved GM services centers to have recall work performed on the subject model vehicle initially sold into various states but located in Missouri.

37.     GM gathers data about its vehicle performance in Missouri and uses that data in the redesign of its products.

38.     GM holds patents and trademarks which it demands must be honored in Missouri.

39.     GM further manufactures its products and its vehicles to comply with the Federal

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

Motor Vehicle Safety Standards (FMVSS) and it routinely corresponds and works with the National Highway Traffic Safety Administration (NHTSA) on recalls and other issues, including recalls or fixes to problems for vehicles owned and used by Missouri residents.

40.      GM is personally subject to specific jurisdiction in this Court because GM is subject to the Missouri long-arm statute by doing business in Missouri, by contracting with Missouri residents, by performing such contracts in part in Missouri, by committing torts where one or more elements of the tort or one or more elements of the tortious acts occurred in Missouri, and by recruiting Missouri residents for employment.

41.      GM has purposefully availed itself of the forum of Missouri by directing its activities in Missouri to Missouri residents as detailed above. GM's contacts with Missouri principally relate to the sale of vehicles and all of the conduct associated with such vehicle sales and this civil action is related to and connected with the sale of a vehicle, because due process and fair play and substantial justice are honored by this civil action going forward in this Missouri Court.

42.      There is little or no burden on GM litigating this case in this Missouri Court.  In contrast, it would be a tremendous burden and great inefficiency and unnecessary delay on the Plaintiffs to litigate this case in another forum because Missouri has an interest in overseeing this litigation which involves injuries to persons in Missouri and defective products used in Missouri.

43.      The efficient resolution of this civil action can only go forward in Missouri, and public policy favors resolution of this dispute in this Missouri Court.

44.      GM cannot deny personal jurisdiction because GM placed the subject vehicle model into the stream of commerce in Missouri and under circumstances such that GM should reasonably anticipate being haled into court in Missouri.

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

45.      GM is in the business of the manufacture of vehicles, including the vehicle which caused the injuries complained herein.  It also derives substantial profit from the sale of vehicles and products in Missouri.  GM in no way shape or form, ever restricted the vehicle which caused these injuries from being distributed, sold or used in Missouri.  GM has purposefully availed itself of the privilege and benefits of conducting activities within Missouri.

46.      Accordingly, GM is therefore subject to be sued in Missouri Courts, and exercise of personal jurisdiction pursuant to Missouri's long-arm statute is, among other things, consistent with due process because GM has purposefully availed itself of the privilege of doing business in Missouri.

47.      Joe-K is established under the laws of the State of Missouri and does business in Missouri such that this Court has general jurisdiction over it.

48.      Hunter is an individual and domiciled in the State of Missouri such that this Court has general jurisdiction over him.

49.      Because Joe-K is a Missouri corporation and has its principal place of business in the State of Missouri and Hunter has a Missouri domicile, and both are citizens or residents of the state of Missouri, this action is not subject to removal.

## UNDERLYING FACTS

50.      Prior to December 18, 2018, Defendant Joe-K provided and/or sold a 2003 Mercury Mountaineer, VIN Number 4M2DU86WX3ZJ22911 (hereinafter, "Vehicle") to Defendant Hunter in the course and scope of its business, by and through its agents, servants and employees.

51.      On or about the late evening of December 17, 2018 or early morning of December 18, 2018, Defendant Hunter left his keys in the Vehicle, parked on a public street in

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

front of his residence, when it was taken by an Unknown Third Party.

52.     Plaintiffs and Plaintiffs' Decedents were first harmed in the City of St. Louis when on or about December 18, 2018, at approximately 2:00 a.m., the Unknown Third Party was operating the Vehicle, traveling eastbound on Chouteau Avenue, when it ran a red traffic signal at 39th Street, the intersection of which is located in the City of St. Louis, and struck Plaintiffs' Decedents, while Plaintiff Thompson's Decedent was operating a vehicle, a 2008 Chevrolet Corvette (hereinafter, "Corvette"), in which Plaintiff Lam's Decedent was a passenger, while making a left hand turn on a green light from north bound 39th street onto west bound Chouteau. The impact resulted in an immediate fire and explosion, which killed Plaintiffs' Decedents. (Hereinafter, "Occurrence").

**COUNT I - NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT JOE-K**

COME NOW Plaintiffs, and pleading in the alternative, state the following:

53.     Plaintiffs restate and incorporate each of the above paragraphs as if fully set forth herein.

54.     Prior to the Occurrence, Defendant Joe-K entrusted the Vehicle to Defendant Hunter by providing and/or selling him the Vehicle.

55.     Prior to the Occurrence, Defendant Hunter was incompetent to purchase and/or operate the Vehicle in the State of Missouri: he was unlicensed and/or he had a revoked Missouri driver's license since approximately March of 2012; he had a DWI felony assault; he had a judgment suspension; he had several prior driving while intoxicated and/or possession of illegal drugs convictions; his license had been surrendered to the State of Illinois; he could not present a valid driver's license to a car dealership attempting to lawfully sell Defendant Hunter a vehicle; and Defendant Hunter was not entitled to obtain a valid drivers' license until on or around July

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

of 2023.

56.     At the time that Defendant Joe-K entrusted the Vehicle to Defendant Hunter, Defendant Joe K knew, or by using ordinary care, could have known, that Defendant Hunter was not competent to lawfully operate the Vehicle by reason of habitual recklessness and/or by not maintaining and presenting a valid Missouri driver's license or not maintaining and presenting valid proof of liability insurance, both of which are required to legally purchase and/or operate a vehicle in the State of Missouri.

57.     At all relevant times, Defendant Joe-K had multiple sources of information within its control to know whether Defendant Hunter and other potential customers were competent and/or qualified to purchase and/or operate Defendant Joe-K's vehicles, when entrusted to third parties, such as requesting the physical drivers' license, running a vehicle drivers' license check, and request for current auto insurance card.

58.     At all relevant times, Defendant Joe-K had a duty not to entrust its motor vehicles in the hands of a person whom Defendant Joe-K knew, or in the exercise of ordinary care, could have known, to be an incompetent, careless, or reckless driver and/or a driver not lawfully permitted to purchase and/or operate a motor vehicle in the State of Missouri.

59.     Defendant Joe-K was careless and negligent in selling, entrusting and/or continuing to entrust the Vehicle to Defendant Hunter.

60.     Defendant Joe-K failed to exercise ordinary care and breached its duty to Plaintiffs and Plaintiffs' Decedents when it entrusted the Vehicle to Defendant Hunter.

61.     That the negligence of Defendant Joe-K concurred with the negligence and conduct of Defendant Hunter as a proximate cause of harm to the Plaintiffs and Plaintiffs' Decedents, resulting in Plaintiffs' Decedent's deaths and Plaintiffs' damages.

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

62.     As a direct and proximate result of Defendant Joe-K's negligence, the Corvette driven by Plaintiff Thompson's Decedent was struck by the Vehicle, causing a fire and resulting in his death; as a result of the Occurrence, Plaintiff Thompson's Decedent sustained substantial pain and suffering from his injuries caused by the fire, until his death; and Plaintiff Thompson has incurred the loss of her son, her only child, Decedent's consortium, services, companionship, comfort, instruction, guidance, counsel, training and support arising from his death.

63.     As a direct and proximate result of Defendant Joe-K's negligence, the Corvette occupied by Plaintiff Lam's Decedent was struck by the Vehicle, causing a fire and resulting in her death; as a result of the Occurrence, Plaintiff Lam's Decedent sustained substantial pain and suffering from her injuries caused by the fire, until her death; and Plaintiff Lam has incurred the loss of his wife, Decedent's consortium, services, companionship, comfort, instruction, guidance, counsel, training and support arising from her death.

WHEREFORE, Plaintiffs pray this Court enter judgment in their favor and against Defendant Joe-K in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), together with costs expended herein, and for such other and further relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE AGAINST DEFENDANT JOE-K

COME NOW Plaintiffs, and pleading in the alternative, state the following:

64.     Plaintiffs restate and incorporate each of the above paragraphs as if fully set forth herein.

65.     At all relevant times, Defendant Joe-K had a duty to only provide and/or sell its vehicles to persons who were properly licensed and qualified to drive in the State of Missouri and/or to prevent third parties who were unlicensed, suspended, revoked and/or habitually reckless from operating and/or purchasing its vehicles so that they would not endanger, harm, injure and/or

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

kill the public by gaining access to such vehicles.

66.     Defendant Joe-K knew, or using ordinary care, could have known that Defendant Hunter was unlicensed and/or that his ability to legally drive in the State of Missouri was revoked and/or that he was habitually reckless but provided and/or sold the Vehicle to Defendant Hunter.

67.     Defendant Joe-K was careless and negligent and breached its duty to Plaintiffs and Plaintiffs' Decedents in one or more of the following respects:

a.      Defendant Joe-K failed to prevent Defendant Hunter from accessing the Vehicle;

b.      Defendant Joe-K failed to restrict access to its motor vehicles to only those who were qualified and competent to drive;

c.      Defendant Joe-K failed to reasonably investigate Defendant Hunter's competence and/or qualifications to operate and/or purchase a vehicle;

d. .    Defendant Joe-K failed to verify that Defendant Hunter had a valid driver's license without restrictions and/or limitations to operate and/or purchase the Vehicle;

e.      Defendant Joe K failed to enact and/or enforce reasonable policies and procedures designed to screen customers to prevent incompetent and/or unqualified persons, including Defendant Hunter, from operating and/or purchasing its vehicles;

f.      Defendant Joe-K failed to check the status of Defendant Hunter's driver's license, inspect his driving record, or take other reasonable measures to ensure his competence to operate and/or purchase the Vehicle; or

g.      Defendant Joe-K provided and/or sold the Vehicle to Defendant Hunter.

68.     That the negligence of Defendant Joe-K directly caused or directly contributed to cause harm to the Plaintiff Thompson and Plaintiff Thompson's Decedent, resulting in Plaintiff Thompson's Decedent's death and Plaintiff Thompson's damages.

69.     As a direct and proximate result of Defendant Joe-K's negligence, the Corvette driven by Plaintiff Thompson's Decedent was struck by the Vehicle, causing a fire and resulting in his death; as a result of the Occurrence, Plaintiff Thompson's Decedent sustained substantial

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

pain and suffering from his injuries caused by the fire, until his death; and Plaintiff Thompson has incurred the loss of her son, her only child, Decedent's consortium, services, companionship, comfort, instruction, guidance, counsel, training and support arising from his death.

70.      That the negligence of Defendant Joe-K directly caused or directly contributed to cause harm to Plaintiff Lam and Plaintiff Lam's Decedent, resulting in Plaintiff Lam's Decedent's death and Plaintiff Lam's damages.

71.      As a direct and proximate result of Defendant Joe-K's negligence, the Corvette occupied by Plaintiff Lam's Decedent was struck by the Vehicle, causing a fire and resulting in her death; as a result of the Occurrence, Plaintiff Lam's Decedent sustained substantial pain and suffering from her injuries caused by the fire, until her death; and Plaintiff Lam has incurred the loss of his wife, Decedent's consortium, services, companionship, comfort, instruction, guidance, counsel, training and support arising from her death.

WHEREFORE, Plaintiffs pray this Court enter judgment in their favor and against Defendant Joe-K in an amount that is fair and reasonable in excess of Twenty Five Thousand Dollars ($25,000.00), together with costs expended herein, and for such other and further relief as this Court deems just and proper.

### COUNT III – AGGRAVATED DAMAGES AGAINST DEFENDANT JOE-K

COME NOW Plaintiffs, and pleading in the alternative, state the following:

72.      Plaintiffs restate and incorporate each of the above paragraphs as if fully set forth herein.

73.      Defendant Joe-K knowingly provided and/or sold the Vehicle to Defendant Hunter, an unlicensed consumer, who had no valid license, whose driving privileges had been revoked for years before the sales transaction, and such action was carried out with a conscious

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

disregard for the safety of others, including Plaintiffs and Plaintiffs' Decedent.

74.     Plaintiffs are entitled to exemplary damages to punish Defendant Joe-K and to deter Defendant Joe-K and other car dealerships situated from like conduct of providing and/or selling cars to unlicensed drivers and/or revoked drivers who are not licensed to legally operate vehicles in the State of Missouri.

WHEREFORE, Plaintiffs pray for judgment against Defendant Joe-K for the aggravating circumstances of Plaintiffs' Decedents' deaths, to punish Defendant Joe-K, and to deter it and other car dealerships, similarly situated, from like conduct, and such other and further relief as this Court deems just, proper, and equitable.

## COUNT IV – NEGLIGENCE AGAINST DEFENDANT HUNTER

COME NOW Plaintiffs, and pleading in the alternative, state the following:

75.     Plaintiffs restate and incorporate each of the above paragraphs as if fully set forth herein.

76.     At all relevant times, Defendant Hunter had a duty to use ordinary care to secure the Vehicle by locking it and/or by not leaving keys in the car to prevent third parties, including the Unknown Third Party, from taking it, so that they would not endanger, harm, injure and/or kill the public while driving it.

77.     Defendant Hunter knew, or using ordinary care, could have known, that the Vehicle was not locked and/or was sitting in front of his residence with the keys to operate it located inside of the unlocked Vehicle.

78.     Defendant Hunter was careless and negligent and breached his duty to Plaintiffs and Plaintiffs' Decedents in one or more of the following respects:

a.     Defendant Hunter failed to prevent the Unknown Third Party from accessing the Vehicle;

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

b.      Defendant Hunter failed to restrict access to the Vehicle by locking it; or

c.      Defendant Hunter left the keys to the unlocked Vehicle inside of it.

79.     That the negligence of Defendant Hunter directly caused or directly contributed to cause harm to the Plaintiff Thompson and Plaintiff Thompson's Decedent, resulting in Plaintiff Thompson's Decedent's death and Plaintiff Thompson's damages.

80.     As a direct and proximate result of Defendant Hunter's negligence, the Corvette driven by Plaintiff Thompson's Decedent was struck by the Vehicle, causing a fire and resulting in his death; as a result of the Occurrence, Plaintiff Thompson's Decedent sustained substantial pain and suffering from his injuries caused by the fire, until his death; and Plaintiff Thompson has incurred the loss of her son, her only child, Decedent's consortium, services, companionship, comfort, instruction, guidance, counsel, training and support arising from his death.

81.     That the negligence of Defendant Hunter directly caused or directly contributed to cause harm to Plaintiff Lam and Plaintiff Lam's Decedent, resulting in Plaintiff Lam's Decedent's death and Plaintiff Lam's damages.

82.     As a direct and proximate result of Defendant Hunter's negligence, the Corvette occupied by Plaintiff Lam's Decedent was struck by the Vehicle, causing a fire and resulting in her death; as a result of the Occurrence, Plaintiff Lam's Decedent sustained substantial pain and suffering from her injuries caused by the fire, until her death; and Plaintiff Lam has incurred the loss of his wife, Decedent's consortium, services, companionship, comfort, instruction, guidance, counsel, training and support arising from her death.

WHEREFORE, Plaintiffs pray this Court enter judgment in their favor and against Defendant Hunter in an amount that is fair and reasonable in excess of Twenty Five Thousand Dollars ($25,000.00), together with costs expended herein, and for such other and further relief as this Court deems just and proper.

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

## COUNT V - STRICT LIABILTY AGAINST GM

COME NOW Plaintiffs, and pleading in the alternative, state the following:

83.     Plaintiffs restate and incorporate each of the above paragraphs as if fully set forth herein.

84.     At all material times, GM was and is in the business of designing, manufacturing, testing, engineering, assembling, distributing, marketing and selling Chevrolet cars including the Subject Vehicle.

85.     GM is strictly liable to Plaintiffs because it manufactured, sold, warranted and placed the 2008 Chevrolet Corvette, including the Subject Vehicle, on the market with knowledge that it would be used without inspection for defects.  GM knew or should have known that the ultimate users, operators, and/or consumers would not and could not property inspect this product for defects and unreasonably dangerous conditions, and that detection of such defects would be beyond the capabilities of such persons, including the Plaintiffs and the Decedents, Nikita Thompson and Chananya Siripaph.

86.     GM sold the Subject Vehicle in the normal course of its business.

87.     On or about December 18, 2018, the Subject Vehicle was not materially altered, modified, or damaged prior and therefore, was substantially without change from its original condition when sold and distributed by GM.

88.     On December 18, 2018, Nikita Thompson and Chananya Siripaph were using the Subject Vehicle for the purpose for which it was reasonably and foreseeably intended and was involved in a motor vehicle accident which was likewise reasonably foreseeable.

89.     The Subject Vehicle, its structure, fuel system and other components were defective and unreasonably dangerous for *inter alia*, the following reasons:

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

a.    The Subject Vehicle's structure permitted the fuel tank system to rupture and leak fuel during a foreseeable accident sequence, thereby placing occupants, including the Decedents, at an unreasonable risk of injury from fire;

b.    The unprotected fuel system allowed the Subject Vehicle to burst into flames during a foreseeable accident sequence, exposing the occupants to an unreasonably increased risk of fatal injuries due to fuel-fed fires in otherwise survivable accident sequences;

c.    The Subject Vehicle's design and/or manufacture included defective welds in close proximity to the vehicle's fuel system, thereby placing occupants, including the Decedents, at an unreasonable risk of injury from fire;

d.    The Subject Vehicle's design and/or manufacture left the fuel system unprotected, thus allowing the subject vehicle to burst into flames during a foreseeable accident sequence, and exposing occupants to an unreasonable increased risk of fatal injuries due to fuel-fed fires in otherwise survivable accident sequences;

e.    GM designed, manufactured and/or assembled the Subject Vehicle, its structure, fuel system, and other components, with design standards and performance objectives that were intended to meet minimum and inadequate government regulations, instead of designing the Subject Vehicle, its structure, fuel system, and other components to perform safely in foreseeable accident sequences;

f.    GM failed to adequately test the 2008 Chevrolet Corvette, including the Subject Vehicle, both before and during the design, production, manufacture, distribution and sale of the vehicle to the public, and/or knowingly placing into the stream of commerce a defective and unreasonably dangerous vehicle;

g.    GM failed to design, inspect, test, manufacture and sell the Subject Vehicle in a manner so as to render its safe for its intended purpose by minimizing the possibility of a fuel tank leak and/or post collision fuel fed fire;

h.    The Subject Vehicle was not reasonably crashworthy;

i.    The Subject Vehicle could not withstand ordinary and foreseeable damage during a foreseeable accident sequence; and/or

j.    The Subject Vehicle was unfit for the reasonable purpose for which it was to be used.

90.    GM also rendered the 2008 Chevrolet Corvette, including the Subject Vehicle, defective and unreasonably dangerous by failing to adequately warn consumers about the hazards of driving its vehicle equipped with a defective structure and fuel system.

91.    Had GM provided a crashworthy vehicle, Nikita Thompson and Chananya

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

Siripaph would not have sustained fatal injuries in this foreseeable accident sequence.

92.     At the time the Subject Vehicle was sold, as well as on December 18, 2018, the Subject vehicle and its component parts, including the structure and fuel system, were defective and unreasonably dangerous in various ways and GM is strictly liable for the deaths of Nikita Thompson and Chananya Siripaph, and as a direct and proximate result of their injuries, they sustained substantial pain and suffering from their injuries, until their deaths; and Plaintiffs have incurred the loss of their son and wife and their consortium, services, companionship, comfort, instruction, guidance, counsel, training and support arising from their deaths.

WHEREFORE, Plaintiffs pray for judgment against Defendant GM, joint and severally with other Defendants, under Count V in an amount in excess of Twenty Five Thousand Dollars ($25,000.00); for costs of this action to be assessed against the Defendant; for pre and post-judgment interest as may be allowed by law; and for such further and proper relief as this Court deems just and proper. Plaintiffs are not seeking punitive damages against Defendant GM.

## COUNT VI STRICT LIABILITY-FAILURE TO WARN AGAINST GM

COME NOW Plaintiffs, and pleading in the alternative, state the following:

93.     Plaintiffs restate and incorporate each of the above paragraphs as if fully set forth herein.

94.     Defendant GM sold the 2008 Chevrolet Corvette in the ordinary course of its business which was designed, engineered, manufactured, distributed, and sold by GM and was placed in the stream of commerce for the sale in the State of Missouri to the general public as ultimate consumers.

95.     At the time the 2008 Chevrolet Corvette was sold by GM and at the time decedents Nikita Thompson and Chananya Siripaph sustained the injuries and death described

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

herein, the 2008 Chevrolet Corvette was in a defective condition and unreasonably dangerous when put to its reasonably anticipated use without knowledge of its characteristics and GM did not give adequate warning of the danger.

96. The 2008 Chevrolet Corvette was unreasonably dangerous to decedents Nikita Thompson and Chananya Siripaph and to other consumers or users by reason of the defects and the design, manufacture, assembly, inspection and testing of the fuel system and the integrity of the fuel system to withstand a collision.

97. The 2008 Chevrolet Corvette was expected to reach and did reach the hands of the decedents, Nikita Thompson and Chananya Siripaph, without substantial change in the condition in which it was designed, manufactured, distributed and sold; and was being used by decedents Nikita Thompson and Chananya Siripaph in the manner reasonably anticipated and intended by GM and was substantially in the same condition on or about December 18, 2018 as when it was sold by GM.

98. At the time the Subject Vehicle was sold, as well as on December 18, 2018, the Subject vehicle and its component parts, including the structure and fuel system, were not provided with adequate warnings of the dangers as described herein, and GM is strictly liable for the deaths of Nikita Thompson and Chananya Siripaph and, as a direct and proximate result of their injuries, they sustained substantial pain and suffering from their injuries, until their deaths; and Plaintiffs have incurred the loss of their son and wife and their consortium, services, companionship, comfort, instruction, guidance, counsel, training and support arising from their deaths.

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

WHEREFORE, Plaintiffs pray for judgment against Defendant GM, joint and severally with other Defendants, under Count VI in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00); for costs of this action to be assessed against the Defendant; for pre and post-judgment interest as may be allowed by law; and for such further and proper relief as this Court deems just and proper. Plaintiffs are not seeking punitive damages against Defendant GM.

## COUNT VII-NEGLIGENT FAILURE TO WARN AGAINST GM

COME NOW Plaintiffs, and pleading in the alternative, state the following:

99.     Plaintiffs restate and incorporate each of the above paragraphs as if fully set forth herein.

100.    GM is in the business of designing, manufacturing, assembling, distributing, marketing, and selling GMC cars including the Subject Vehicle.

101.    GM had a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings for, package, distribute, market and sell the Subject Vehicle in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and foreseeably under ordinary circumstances would use the Subject Vehicle, including Nikita Thompson and Chananya Siripaph and the Plaintiffs.

102.    GM placed the 2008 Chevrolet Corvette, including the Subject Vehicle, on the market and knew or should have known that ultimate users, operators, and/or consumers would not properly inspect this product for defects and dangerous conditions, and that detection of such defects would be beyond the capabilities of such persons, including the Plaintiffs and the Decedents.

103.    On December 18, 2018, the Subject Vehicle was not materially altered, modified or damaged prior and therefore, was substantially without change from its original condition

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

when sold and distributed by GM.

104.    On December 18, 2018, Nikita Thompson and Chananya Siripaph was using the Subject Vehicle for the purpose for which was reasonably foreseeably intended and was involved in a motor vehicle accident which was likewise reasonably foreseeable.

105.    GM knew or should have known that the 2008 Chevrolet Corvette, including the Subject Vehicle, was unreasonably dangerous, yet, at the time the Subject Vehicle was sold and distributed, it did not contain warning of the risk of injury posed regarding the defects and conditions more fully set forth above.

106.    In the alternative, GM knew or in the exercise of due care should have known that the 2008 Chevrolet Corvette, including the Subject Vehicle, would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm for 2008 Chevrolet Corvette users, including the Decedents, who reasonably and foreseeably under ordinary circumstances would come into contact with the Subject Vehicle.

107.    The Subject Vehicle was defective and unreasonably dangerous to ultimate users or consumers, including the Decedents, during his ordinary and foreseeable use because of the absence of warning of the risk of injury posed by the unreasonably defective conditions identified above.

108.    The aforesaid risk of injury was known or knowable in light of the generally recognized and prevailing best scientific and technical knowledge available at the time of the manufacture and distribution of the Subject Vehicle.

109.    For the reasons set forth above, the Subject Vehicle was defective and unreasonably dangerous to members of the general public, including the Decedents, when the

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

Subject Vehicle was used for its ordinary and foreseeable purposes. The Decedents was a foreseeable user and, at the time of the incident, was using the Subject Vehicle in a foreseeable manner.

110.   GM breached its duty to wan its users, operators and consumers, including the Decedents, by failing to warn of the risk of injury posed by the defects and unreasonably dangerous condition of the Subject Vehicle as set forth in the above paragraphs.

111.   As a direct and proximate result of the foregoing, Nikita Thompson and Chananya Siripaph died, and sustained substantial pain and suffering from their injuries, until their deaths; and Plaintiffs have incurred the loss of their son and wife and their consortium, services, companionship, comfort, instruction, guidance, counsel, training and support arising from their deaths.

WHEREFORE, Plaintiffs pray for judgment against Defendant GM, joint and severally with other Defendants, under Count VII in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00); for costs of this action to be assessed against the Defendant; for pre and post-judgment interest as may be allowed by law; and for such further and proper relief as this Court deems just and proper. Plaintiffs are not seeking punitive damages against Defendant GM.

## COUNT VIII-BREACH OF IMPLIED WARRANTY AGAINST GM

COME NOW Plaintiffs, and pleading in the alternative, state the following:

112.   Plaintiffs restate and incorporate each of the above paragraphs as if fully set forth herein.

113.   Defendant GM knew or should have known the use for which the 2008 Chevrolet Corvette was purchased.

114.   Defendant GM implicitly warranted that the 2008 Chevrolet Corvette was fit for

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

the purpose for which it was designed; that it was a safe and suitable instrument to be used by consumers and users, including but not limited to decedents, Nikita Thompson and Chananya Siripaph and, that it was fit and suitable for the use made by decedents, Nikita Thompson and Chananya Siripaph.

115.     In using the 2008 Chevrolet Corvette, decedents Nikita Thompson and Chananya Siripaph relied upon Defendant GM's skill and judgment that the 2008 Chevrolet Corvette was fit for such use.

116.     The 2008 Chevrolet Corvette was not fit for the use of its intended purpose and as a result the Defendant GM's breach of warranty of fitness of the, 2008 Chevrolet Corvette decedent Nikita Thompson and Chananya Siripaph burned to death; and sustained substantial pain and suffering from their injuries, until their deaths; and Plaintiffs have incurred the loss of their son and wife and their consortium, services, companionship, comfort, instruction, guidance, counsel, training and support arising from their deaths.

WHEREFORE, Plaintiffs pray for judgment against Defendant GM, joint and severally with other Defendants, under Count VIII in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00); for costs of this action to be assessed against the Defendant; for pre and post-judgment interest as may be allowed by law; and for such further and proper relief as this Court deems just and proper. Plaintiffs are not seeking punitive damages against Defendant GM.

## COUNT IX-NEGLIGENCE AGAINST GM

COME NOW Plaintiffs, and pleading in the alternative, state the following:

117.     Plaintiffs restate and incorporate each of the above paragraphs as if fully set forth herein.

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

118.   GM is in the business of designing, manufacturing, assembling, distributing, marketing, and selling GMC trucks including the Subject Vehicle.

119.   GM had a duty to properly and adequately design, manufacture, assemble, test, inspect, label, provide adequate warnings for, package, distribute, market and sell the Subject Vehicle in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and foreseeably under ordinary circumstances would use the Subject Vehicle, including Nikita Thompson and Chananya Siripaph and the Plaintiffs.

120.   GM breached this duty and/or was grossly negligent, in one or more of the following ways:

    a.    Failing to design and/or manufacture the Subject Vehicle with a safe and protected fuel system, which would not cause and/or contribute to a fuel-fed fire during otherwise survivable and entirely foreseeable accident sequences, and thus reduce the unreasonable likelihood of exposing occupants to an increased risk of fatal injuries;

    b.    Failing to design and/or manufacture the Subject Vehicle in such a manner as to make the vehicle reasonably crashworthy for foreseeable accident sequences;

    c.    Failing to conduct adequate testing on the 2008 Chevrolet Corvettes, including the Subject Vehicle, to determine whether it was defective and/or unreasonably dangerous as alleged above;

    d.    Failing to design and/or manufacture the Subject Vehicle's fuel system in such a manner as to prevent or eliminate the placement of potential ignition sources in close contact with the vehicle's fuel system, thus avoiding the unreasonable risk of injury from fire to occupants in foreseeable accident sequences.

    e.    Designing, manufacturing, distributing and marketing the Subject Vehicle, its structure, fuel system and other components with design standards and performance objectives that were intended to meet the minimum and inadequate government regulations, instead of safely designing the Subject Vehicle, its structure, fuel system and other components;

    f.    Failing to adequately monitor the performance of the Subject Vehicle and of prior model vehicles in the field to ensure that the Subject Vehicle and its components were safely designed;

    g.    Failing to warn potential consumers and users of the 2008 Chevrolet Corvettes

Electronically Filed - City of St. Louis - July 31, 2019 - 11:53 AM

including the Subject Vehicle, of the defective and/or unreasonably dangerous conditions alleged above;

h.   Otherwise failing to design the Subject Vehicle in a manner such that it would be crashworthy in foreseeable accidents;

i.   Otherwise failing to manufacture the Subject Vehicle in a manner such that it would be crashworthy in foreseeable accidents;

j.   Otherwise failing to design, manufacture and/or assemble the Subject Vehicle in such a manner as to render the vehicle fit for the ordinary and reasonable purpose for which it was to be used.

121.   As a direct and proximate result of GM's conduct, Nikita Thompson and Chananya Siripaph sustained significant injuries that resulted in their deaths; Nikita Thompson and Chananya Siripaph sustained substantial pain and suffering from their injuries, until their deaths; and Plaintiffs have incurred the loss of their son and wife and their consortium, services, companionship, comfort, instruction, guidance, counsel, training and support arising from their deaths.

WHEREFORE, Plaintiffs pray for judgment against Defendant GM, joint and severally with other Defendants, under Count IX in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00); for costs of this action to be assessed against the Defendant; for pre and post-judgment interest as may be allowed by law; and for such further and proper relief as this Court deems just and proper. Plaintiffs are not seeking punitive damages against Defendant GM.

**O'LEARY, SHELTON, CORRIGAN,**
**PETERSON, DALTON & QUILLIN, LLC**

By:     /s/ James D. O'Leary
        James D. O'Leary,     #45964
        The University Tower
        1034 South Brentwood, Blvd.
        Penthouse 1-A, 23rd Floor
        St. Louis, MO 63117
        Tel:    (314) 405-9000
        Fax:    (314) 405-9999
        Oleary@osclaw.com

**WOLFF ARDIS, P.C.**

Patrick M. Ardis #53961
5810 Shelby Oaks Drive
Memphis, TN 38134
Tel:    (901) 763-3336
Fax:    (901) 763-3376
pardis@wolffardis.com

*Counsel for Plaintiff Nancy Thompson*

**THE SIMON LAW FIRM, P.C.**

By:     /s/ Kevin M. Carnie, Jr.
        John G. Simon #35231
        Kevin M. Carnie Jr. #60979
        Patrick R. McPhail #70242
        800 Market Street, Suite 1700
        St. Louis, MO 63101
        Tel: (314) 241-2929
        Fax: (314) 241-2029
        jsimon@simonlawpc.com
        kcarnie@simonlawpc.com
        pmcphail@simonlawpc.com

*Attorneys for Plaintiff* Weibin Lam